IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHAD ROBERT BASSANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-167 |
| | ) | |
| WARDEN E. PHILIBIN; SGT. ESSER; and | ) | |
| UNIT MANAGER SNOWDEN, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

*Pro se* Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a Report and Recommendation ("R&R") issued on November 13, 2019, the Court recommended Plaintiff's complaint be dismissed for failure to state a claim. (Doc. no. 8.)

In response to the Court's R&R, Plaintiff submitted an objection containing a request for an extension of time to obtain more facts and amend his complaint in an attempt to cure the deficiencies identified by the Magistrate Judge. (See doc. no. 10.) Plaintiff included an amended complaint on blank paper in his objection. (Id.) Additionally, Plaintiff filed a statement of material facts, wherein he is alleging additional facts not included in his original complaint. (See doc. no. 12.) As no Defendant has been served with a copy of the complaint or filed an answer, under Fed. R. Civ. P. 15(a), Plaintiff may file an amended complaint once as a matter of course. Moreover, the Court is mindful that Plaintiff is

proceeding *pro se* in this matter, and recognizes that "[g]enerally, 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint . . . .' " Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*) (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). Thus, pursuant to Rule 15(a), the Court **GRANTS** Plaintiff's request to amend his complaint.

However, Plaintiff's proposed amended complaint was not submitted on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and as such, does not provide the information that the Southern District requires. Additionally, the Court warns Plaintiff that he may not piecemeal amend his complaint by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court **ORDERS** Plaintiff to amend his complaint to include all of his claims in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached for the statement of claim. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

accordance with the following instructions. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only

3

one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

Upon submission of Plaintiff's amended complaint, the Court will screen that complaint to determine which, if any, claims are viable and if any Defendant should be served with a copy of the amended complaint. If Plaintiff fails to file an amended complaint as instructed in this Order, the Court will presume that he does not wish to amend his original pleading, and the Court's November 13th R&R, along with Plaintiff's objections, will be submitted to the presiding District Judge for consideration based on the allegations set forth in Plaintiff's original complaint.

SO ORDERED this 30th day of December, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA